## LEONARD WILLARD *v.* CLIFFORD PINARD.

*Contributory Negligence.     Charge to Jury.*

A person employed to do dangerous work and undertaking to do it in a careful manner,
is bound to so do it, and is liable for injury to his employer occasioned by a careless
manner of doing the work.

Where the evidence tended to show that the plaintiff exercised some control over the
manner of doing the act complained of, it was *held* error for the court to put the case
to the jury upon the ground of ordinary care, without instruction as to the effect of
contributory negligence, where the requests were sufficient to call for a full charge in re-
spect thereto.

Distinction noticed between *negligence* and *actionable* negligence.

ACTION on the case. Plea, not guilty, and trial by jury, and
verdict for plaintiff, December term, 1870, Ross, J., presiding.

The plaintiff produced evidence tending to prove that in the
winter or spring of 1870 he employed the defendant to blast rocks
from a ledge which was from twelve to twenty-five feet from a
house owned by the plaintiff in the village of St. Johnsbury ; that
the defendant knew the premises, and told the plaintiff that he
thought he could do the work without injury to the house ; that
no price was agreed upon for the service ; that the defendant en-
tered upon the service, and made several blasts doing but slight
injuries to the house, such only as breaking a few lights of glass ;
that he, the plaintiff, was entirely unacquainted with the business,
and that the same was conducted by the defendant as he saw fit,
and that at last the defendant made a large seam blast, throwing
out several cords of stone, some of which were estimated to weigh
four tons, and throwing several large stone upon the roof and

gable end of the house, breaking through the roof and carrying away most of the gable end, and otherwise largely damaging the house ; that the defendant had told that he used a keg and a half of powder in making the blast; that the defendant put powder in the seam several different times before he could get fire to it ; that he talked to his help that it would be a large blast, and that his help went further away when this blast was touched off than they were wont to do.

The plaintiff was allowed, against the defendant's objection and exception, to give evidence of persons who were skilled in making blasts near dwellings, tending to show that the defendant was wanting in skill and prudence in making said blast.   There was no evidence that the defendant acted in bad faith, or maliciously, in making said blast.

The defendant introduced testimony tending to show that he had never been engaged in blasting except from July or August, 1869, and that this was known to the plaintiff ; that no mention was made of there being any danger to the house from blasting, when the plaintiff engaged him ; but the plaintiff then told him he had another man blasting from the ledge who failed to get out rocks in sufficient quantities, and that the plaintiff engaged him because he used a larger drill and thought he could get out rocks faster ; that a few days before making the blast complained of, he made a blast which threw out a large quantity of rocks, and injured the house slightly by breaking a few lights of glass and injuring the clapboards somewhat, at which the plaintiff expressed himself gratified, and said he expected the house would receive more injury than that, but rocks were what he wanted, and also that plaintiff told the other man, when blasting there before the defendant, that he expected the house would be injured some.

The defendant's testimony tended to show that in putting in the blast complained of, he drilled into the ledge, which was sound, some two to two and a half feet, and put in two or three small charges of powder, and started a seam in the ledge four or five feet each way from the hole, and running down ten feet or more into the ledge ; that this piece started off was from two to two and a half feet in thickness; that then he put a charge of eight

or ten pounds of powder into the seam, and tamped sand down upon the powder, and undertook to fire it, but failed; that he then made other trials, but failed to. throw out the rock, and only widened the seam at the surface; that then he put in more powder and undertook to fire it, but did not succeed in reaching the powder with the fuse; that he then called upon the plaintiff to furnish him money to buy more powder, but the plaintiff had not any money, and told the defendant to get the powder and he would pay him for it; that the defendant then purchased a keg of powder, twenty-five pounds, and used about half of it in the seam, but put no tamping or sand above the powder; that the plaintiff was employed in drawing away the stones, and knew that the defendant had difficulty in getting the fuse to the powder, and procured for the defendant at his request a wire to run the fuse further into the seam, so as to be sure to reach the powder.

The defendant admitted that the plaintiff gave no directions about the amount of powder to be used, and that he did not inform the plaintiff how much he had put into the seam. The defendant gave notice to the people in the house that he was about to make a blast, as he usually did. The plaintiff was away with a load of stone when the blast was made. The defendant then fired the blast and did the damage complained of.

The defendant testified that inasmuch as he used no tamping or sand on the powder, he expected the powder would only burn out in the seam, and widen the seam, and possibly throw the rock out of its place in the ledge.

The defendant further testified that he had called upon the plaintiff to furnish materials to place over the ledge to keep the rocks from flying upon the house, but the plaintiff furnished nothing but a car door, which he admitted he did not use on this occasion, for the reason that the surface of the ledge was so perpendicular that he could not make it remain on the ledge at the point where he made the blast.

The defendant requested the court to charge the jury:

1st. That if the plaintiff understood and was informed that there was danger to his house from blasting from said ledge, and still directed the defendant to blast, he cannot recover.

2d. If they should find that the plaintiff knew the defendant was making a seam blast and putting powder in the seam, and did not object to the same, he cannot recover.

3d. That the plaintiff was not entitled to recover under the testimony in the case.

The court declined so to instruct the jury, but told them that the defendant was bound to bring to the performance of his service that degree of skill, care and prudence which a person of common skill, care and prudence would be expected to exercise in the same employment under like circumstances, and if the defendant used a less degree of skill, care and prudence than this, he was guilty of negligence; that it was for the plaintiff to establish by a fair balance of testimony that the defendant used less skill, care and prudence than would be expected to be exercised by a person of common skill, care and prudence in the same employment under like circumstances; that no exact rule could be laid down defining what would constitute negligence in every case, and each case must be governed very much by its own circumstances; that in this case it was not contended that the defendant would have been guilty of negligence in making the blast in the manner he did, if there had been no house in immediate proximity to the ledge.

The court mentioned the cases which had been remarked upon by the counsel in their arguments, as illustrating the principle that each case must be governed by its own circumstances, and remarked that if the persons injured in those cases had been adults of full age and discretion, they might have merited a different consideration from the jury and court.

The court instructed the jury in regard to the different classes of evidence they should consider in determining whether the plaintiff had established that the defendant had been negligent in making the blast, under the foregoing instructions as to what would constitute negligence, in a manner which was not excepted to by the defendant.

To the refusal of the court to charge as requested, and to so much of the charge as is detailed, the defendant excepted.

*A. J. Willard* and *A. M. Dickey,* for the defendant, maintained that this case was governed by the doctrine established in *Kelsey* v. *Glover,* 15 Vt., 708 ; *Hunt & wife* v. *Pownal,* 9 Vt., 411 ; *Hyde* v. *Jamaica,* 27 Vt., 243 ; *Humphrey* v. *Douglas,* 10 Vt., 71 ; *Robinson* v. *Cone,* 22 Vt., 213.

*O. S. & C. C. Burke* and *Belden & May*, for the plaintiff.

The defendant's negligence is the gist of the action, and was the *proximate* cause of the injury. Shear. and Red. on Neg., § 10, and note. There was a duty resting upon the defendant. Shear. and Red. on Neg., §§ 12 and 13 ; *Lister* v. *Pittsford*, 7 Vt., 158. Care required according to circumstances. Shear. and Red. on Neg., § 23 ; *Cayzer* v. *Taylor*, 10 Gray, 274 ; *Loomis* v. *Terry*, 17 Wend., 496 ; *Vinton* v. *Schwab*, 32 Vt., 612. ; 2d Hill. on Torts, 463 ; *Hill* v. *New Haven*, 37 Vt., 501. The burden of proof to show that the plaintiff was negligent is upon the defendant. *Gough* v. *Bryan*, 2 Mess. and W., 770 ; *Bridge* v. *Gr. Junc. R. R. Co.*, 3 do. 244. What is ordinary care on the plaintiff's part depends upon the facts of each case. *Robinson* v. *Cone*, 22 Vt., 213, and cases cited. The defendant is not excused even if the plaintiff knew there was some danger. Shear. and Red. on Neg., § 31, n. (2). Unless the plaintiff contributed to the accident by his own negligence and willful wrong. *Noyes* v. *Morristown*, 1 Vt., 353.

The opinion of the court was delivered by

WHEELER, J. The defendant was not entitled to the charge he requested, according to his requests, unless the requests as made were sound in law and applicable to the case.

The first request was not sound in law, for the plaintiff had a right to have dangerous work done in a careful manner for himself, and if the defendant undertook to do it in a careful manner and did it in a careless manner, and the defendant's carelessness did damage to the plaintiff without any fault of the plaintiff, the plaintiff would be entitled to recover for this damage. The request would cut off this right.

The second request was not sound in law, for the same rule would apply to the danger from a seam blast that would to danger from any blast, and the plaintiff had a right to have such work done by any blast in a careful manner, and to a remedy for carelessness about doing it, as before stated.

Neither was the third request sound, for there was some evidence tending to show that the defendant did carelessly what he

had undertaken to do carefully for the plaintiff, to the damage of the plaintiff, without fault of the plaintiff.

Although the defendant was not entitled to have these requests complied with as made, they were sufficient to call the attention of the court to the subjects of them, and to entitle the defendant to a full charge upon those subjects.

The defendant's counsel have not in argument criticised the rule laid down by the court below, as to the degree of care, skill and prudence that the defendant was bound to bring to the plaintiff's employment. That rule is treated as being correct. When that court charged the jury that if the defendant used a less degree of care, skill and prudence than the rule laid down required, he was guilty of negligence, it is understood that the court meant actionable negligence. If no one but the defendant had any control over, or participation in, the work which the plaintiff complains that the defendant did negligently and carelessly, the want of due care, skill and prudence would have constituted actionable negligence on the part of the defendant, and this part of the charge of the court would have been correct. But the evidence tended to show that the plaintiff himself had and exercised some control over and direction about the manner of doing what the defendant did in the same behalf that the plaintiff complains of, and it was not clear upon the trial that the negligence of the plaintiff did not contribute in some degree to the injury complained of, and for which, under the charge of the court, he recovered. It is as well settled that negligence of a defendant which does no damage to the plaintiff that the negligence of the plaintiff does not contribute to is not actionable, as it is that negligence of the defendant which does damage to the plaintiff without any contributory negligence on the part of the plaintiff is actionable.

The court seems to have omitted the plaintiff's own negligence from among the elements to be considered in finding whether the defendant was guilty of actionable negligence or not, when that element, if it had been submitted with the rest, might have been found to have existed, and to have been operative to an extent sufficient to show that the negligence of the defendant was con-

tributory merely, and not actionable. The court may have charged, and probably did charge, that the negligence of the defendant must have done damage to the plaintiff to entitle the plaintiff to recover, but that would not correct the omission of the plaintiff's own conduct as an element in determining the character of the defendant's negligence.

In connection with the requests, the exceptions appear to set forth the whole charge upon that subject. The charge as set forth does not appear to have left the jury to find against the defendant without he was guilty of negligence, but it does appear to have left them to find against him when he might not have been guilty of actionable negligence.

Judgment reversed, and cause remanded.