Hillsborough, }
April 1, 1919. }

### ALICE A. HUBBARD *v.* BENJAMIN L. LEIGHTON, *Ex'r.*

A claim for an agreed balance due cannot be sustained where the only evidence to support the contention of a payment on account is a legacy by the alleged debtor to the creditor, the will containing no evidence of indebtedness.

A verdict should be directed for the plaintiff though the burden of proof rests upon him, if such verdict be the only conclusion that could reasonably be drawn from the evidence.

A verdict may be directed where there is uncontradicted evidence tending only to one point, but where the sufficiency of the evidence relied upon involves probabilities, the case should be submitted to the jury.

ASSUMPSIT, to recover an alleged agreed balance due for services and expenses incurred in behalf of the deceased from July 1, 1906, to June 28, 1912. Trial by jury and verdict for the defendant.

At the close of the evidence the plaintiff moved the court to direct a verdict in her favor for the amount named in the specification. The motion was denied subject to exception. Transferred by *Branch*, J., from the September term, 1917, of the superior court. The facts appear in the opinion.

*Cobleigh & Theriault*, with whom was *David E. Porter* (of Vermont), for the plaintiff.

*Doyle & Lucier*, for the defendant.

PARSONS, C. J. Although the burden of proof rested with the plaintiff, a verdict should have been ordered for her if such verdict was the legal result of facts conceded or established as the only con-

clusion which could reasonably be drawn from the evidence. *Arnold* v. *Prout,* 51 N. H. 587; *State* v. *Harrington,* 69 N. H. 496; *Goldstein* v. *D'Arcy,* 201 Mass. 312, 318; *Pratt* v. *Langdon,* 12 Allen 544, 546.

The claim for an agreed balance implies a payment made with an express or implied admission of the existence of a greater debt. The only evidence of payment is a legacy to the plaintiff in the will of the deceased. The will has not been furnished the court but there is no contention that it contains any admission of indebtedness or distinguishes the plaintiff's legacy from those to the nineteen others named as beneficiaries therein. There was no evidence from which a promise to pay a balance of an existing debt could be inferred and upon that contention the plaintiff could not properly have been permitted to go to the jury.

From the briefs, it seems the plaintiff sought to recover for services rendered under an express contract by the terms of which the testator agreed to pay $5,000 for the services. If the making of the contract by the plaintiff and the testator and its substantial performance by the plaintiff were conceded or conclusively proved, verdict and judgment for the plaintiff for the agreed amount would follow as matter of law. But there was no evidence as to the making of the contract.

Its existence was left to be inferred from the testimony of a witness, whose credibility was impugned by the defendant, to a statement of the testator from which the existence of such a contract might be inferred. Whether the witness was entitled to belief and whether the existence of the contract as claimed should be inferred were for the jury. There was also evidence tending to establish that a different compensation was agreed upon and that the services were rendered because of the relationship of the parties and not under an express contract as claimed. As it was not contended the services rendered were worth $5,000, a verdict could be sustained for the amount claimed only if the making and performance of the contract were established. If these facts could be found from the evidence, which the defendant denies, they are not conclusively proved but depend upon the weight to be given to the evidence and the inferences to be drawn from facts from which reasonable men might draw different conclusions. The jury only could determine this issue and no wrong was done the plaintiff by the submission of her case to them. "This is not a case of uncontradicted evidence tending only to one point, but one where the sufficiency of the evidence relied upon . . .

involves probabilities which are solely for the jury." *Hill* v. *Carr,* 78 N. H. 458, 462; *Cohn* v. *Saidel,* 71 N. H. 558, 572; *Minot* v. *Railroad,* 74 N. H. 230, 235.

*Exception overruled.*

All concurred.