Merrimack, } 
June 7, 1932. }

IRVING B. ANDREW *v.* HARRY F. GOODALE.

*George P. Cofran* and *Robert W. Upton* (*Mr. Upton* orally), for the plaintiff.

*Demond, Woodworth, Sulloway & Rogers* (*Mr. Jonathan Piper* orally), for the defendant.

ALLEN, J. If the verdict might be found reasonably adequate, it should stand. Its overturn must rest on a finding that the evidence

to show the inadequacy is so overwhelming as to make it unfair. *Bennett* v. *Larose*, 82 N. H. 443, 448, and cases cited; *Morrell* v. *Gobeil*, 84 N. H. 150, 151. Any conclusion of mistake, partiality or corruption must here be drawn from a preliminary finding of its insufficiency. The record shows no evidence of impropriety unless in its limited amount. The plaintiff is understood to concede this, and to refer to his prior bankruptcy and to his unfavorable manner as a witness as explanations of the inadequacy without being direct proof of unfairness in arriving at the verdict.

The chief difficulty with the plaintiff's position is in meeting the jury's duty to discount and discredit testimony when they think they should. Testimony may not require acceptance merely because it is not directly controverted. The jury's duty to be reasonably satisfied by the balance of probabilities before adopting evidence as true is presumably performed unless the record shows that evidence reasonably requiring adoption was disregarded or rejected. The search for truth leads to what is found to be true; but failure to sustain the burden of proof necessarily defeats what is claimed as true.

The issue of the sufficiency of evidence to compel its acceptance is substantially the same in cases where the plaintiff seeks to set aside a verdict and in cases where he seeks a directed verdict. As to the latter, a verdict "is not ordered for the plaintiff because the defendant offers no evidence. It is only when from undisputed facts the only inference that can reasonably be drawn conclusively establishes the plaintiff's case that he is entitled to a verdict as matter of law." *Williams* v. *Duston*, 79 N. H. 490, 491. A verdict for the plaintiff may not be directed unless it is "the legal result of facts conceded or established as the only conclusion which could reasonably be drawn from the evidence." *Hubbard* v. *Leighton*, 79 N. H. 190, 191.

If the evidence on the issue of damages is susceptible of opposite inferences, a directed verdict is improper. *Webster* v. *Seavey*, 83 N. H. 60, 62. It is equally improper to set aside a verdict under such a standing of the evidence. For all practical purposes the issue here is the same as though the court had charged the jury that a verdict for the plaintiff must exceed $500. In the latter situation the issue would be if the plaintiff's damage was conclusively shown to exceed that sum, and in the former if the sum could be found from the evidence to cover all the damage proved.

"The inquiry in such cases is, not whether the judge acting as a juror would or would not have come to the conclusion returned by the jury in their verdict, but whether reasonable men charged with

the duty of finding facts from the evidence, under the court's instructions as to the law applicable to the case, could come to that result." *Doody* v. *Railroad*, 77 N. H. 161, 164. "The only rational rule upon this subject is that when the verdict in a personal injury case is so small, in view of the uncontroverted facts of the case disclosing the extent of the injury, that the court can clearly see that the jury have not performed their duty, as defined in the charge of the court, it must be set aside." *Ib.*, 165, 166.

In a reasonable view of the evidence the plaintiff sustained no permanent injuries from the accident. His chief injury was a cut two or three inches long above his left eye, severing an artery and going down to the skull. His legs and arms suffered from bruises and contusions. He was taken to a hospital to have his wound treated, remaining there less than two days and afterwards receiving medical service on account of his injuries for about a month. His expenses were not more than about $250, if they were definitely proved as much.

He claimed that pain from the injury over his eye continued protractedly, that his nervous system was affected so as to render him unable to attend to his business for a substantial length of time, and that the accident aggravated chronic ailments he had.

His pain was mainly a matter of subjective character, and the medical testimony of his doctors adopted his complaints about it as genuine. His chronic ailments had been attended with neuritis. Acceptance of his testimony about the pain, either in its extent or in its local isolation to show it due to the injury, was not demanded as the only conclusion from weighing the evidence. Doubt might exist leaving the jury's mind short of reasonable satisfaction that the pain was as severe and enduring and had such resulting relation with the injury as the plaintiff claimed. In the same manner it was reasonably doubtful how far the injury aggravated the chronic ailments. While medical treatment had improved his condition, their inherent development and the cessation of treatment for an extended period of time might fairly account for the return of their disturbing symptoms after the injury. The extent of their aggravation by the injury was for the jury's determination and a substantial aggravation was not a necessary conclusion. If the plaintiff's condition immediately prior to the accident was fair for his age of nearly seventy, causal relation between the injury and his subsequent condition in respect to these chronic ailments was not demonstrated. Reasonable weighing of the evidence did not make a finding in favor of it compulsory.

Nor was the plaintiff's substantial loss of earnings and earning ca-

pacity conclusively proved either in extent of the loss claimed or as the result of the accident. He was a timber and lumber operator. His testimony that he was earning $200 a month in his occupation before the injury, at a time when the business was generally unprofitable, might be disbelieved or at least be regarded with such doubt as to its truth as not to be adopted. And since it was not a necessary finding that the injury incapacitated him for more than a brief period of time, additional reason appears in showing that a finding of more than brief and nominal disability was not required.

It seems unnecessary to discuss the evidence in more specific detail. The plaintiff's own testimony is subject to the considerations that he "was interested, he testified to what he knew could not be directly contradicted, and there were circumstances in evidence which tended to contradict his story." *Lally* v. *Insurance Co.*, 75 N. H. 188, 191. He argues his unfavorable manner on the witness stand as due to confusion. It may also fairly be attributed to intentional overstatement. An inference that he undertook to suppress the seriousness of his physical troubles not due to his injury and to over-value his earning capacity was proper. He may be found to have sought to give a false impression that his chronic ailments were of little consequence except as the injury aggravated them. Not only might the jury fail to be satisfied that they were chargeable to the injury, but it might fairly be found that they were not.

The plaintiff's medical testimony, aside from the consideration of interest, was ultimately of opinion, based in part on the plaintiff's subjective complaints, in respect to the effect of the injury in results of pain and disability. The merits and value of an expert's opinion are for the jury to appraise, and its acceptance is not required until it has been weighed and found entitled to reliance. Moreover, there was controverting evidence in the defendant's medical testimony that the accident had no bearing on the plaintiff's subsequent condition unless in respect to the possibility of some pain. The other evidence at best had no more than weight to be measured by the jury's consideration. Taking all the evidence collectively, the jury might reasonably say, as it in effect did, that damage beyond the amount of the verdict was not proved, and the record contains no evidence that their conclusion was not properly reached.

*Judgment on the verdict.*

PEASLEE, C. J., was absent: the others concurred.