Hillsborough, }
Nov. 7, 1934. }

FLORIDA GILBERT *v.* EDWARD DESMARAIS.

*John D. Warren* (by brief and orally), for the plaintiff.

*George M. French,* for the defendant, furnished no brief.

WOODBURY, J. "The inquiry in such cases is, not whether the judge acting as a juror would or would not have come to the conclusion returned by the jury in their verdict, but whether reasonable men charged with the duty of finding facts from the evidence, under the court's instructions as to the law applicable to the case, could come to that result." *Doody* v. *Railroad,* 77 N. H. 161, 164; and cases cited. Although this inquiry is one of fact for the trial court, his decision thereon is not necessarily final. "Such a decision presents the question whether it could reasonably be made and may be set aside when it is apparent the trier of fact unwittingly fell into a plain mistake." *Ingerson* v. *Railway,* 79 N. H. 154, 159.

It is now established that a verdict may not be set aside as excessive or inadequate "if the evidence on the issue of damages is susceptible

of opposite inferences." *Andrew* v. *Goodale,* 85 N. H. 510, 511; *Morrell* v. *Gobeil,* 84 N. H. 150; and cases cited. It is the duty of the court to determine whether or not there is evidence to support the verdict. If there is it should not be set aside. If there is not it should be. In passing upon this question it is not the function of the court to pass upon the credibility of witnesses in the same sense in which the jury is required to pass upon it. In dealing with the evidence the court may only go so far as to determine whether there exists in the case any evidence to support the verdict. If there is he must determine whether in the light of the other evidence this supporting evidence is so manifestly false or so clearly incredible or so overwhelmingly contradicted that he is justified in finding as a fact that no reasonable man could believe it.

In the case at bar there is evidence to support the verdict, and this evidence is neither so incredible, nor is it so manifestly false or mistaken, nor is it so overwhelmed by the defendant's evidence as to permit the finding that all reasonable men must reject it. The granting of the defendant's motion compels the conclusion that the court mistook the limits placed upon his authority and invaded the province of the jury by passing upon the credibility of the plaintiff and her witnesses. Under these circumstances it is our duty to sustain the plaintiff's exception and order

*Judgment for the plaintiff for $498.75.*

All concurred.

On October 16, 1934, Mr. Elwin L. Page was appointed an associate justice of this court to fill the vacancy occasioned by the retirement of Mr. Chief Justice Peaslee and took his seat upon the Bench at the November Session 1934.