Hillsborough
No. 7877

GARY C. KIERSTEAD

v.

BETLEY CHEVROLET–BUICK, INC.

July 18, 1978

494

*Bossie & Kelly*, of Manchester (*Jay L. Hodes* orally), for the plaintiff.

*Hall, Morse, Gallagher & Anderson*, of Concord (*G. Wells Anderson* orally), for the defendant.

DOUGLAS, J. This case presents the question of the extent of this court's power to review a judgment entered on a civil jury verdict by a superior court judge. The plaintiff suffered serious and permanent injury when the truck that he had purchased from the defendant collided with a wall, allegedly as a result of the defendant's negligence in failing to properly repair the truck's accelerator linkage. The defendant excepted to the court's failure to grant its motions for nonsuit, for directed verdict, and to set aside the verdict, and to several of the court's instructions. The Trial Court (*King*, J.) reserved and transferred these exceptions.

The plaintiff purchased his new truck from the defendant in 1971. It functioned satisfactorily for almost a year, after which it developed a problem with the accelerator. When the pedal was depressed close to the floorboard, it would stick. The plaintiff remedied the problem by inserting his foot underneath the pedal and forcing it back up. In July 1972 he brought the truck back to the defendant for repair under warranty. An employee of the defendant worked on the truck, and the problem was alleviated until September. At that time, the pedal began to stick again. The plaintiff once again returned the truck for repair. The truck then functioned well until the night of the accident. At trial the defendant's employees testified that they could find no record of their having worked on the truck.

On the night of October 20, 1972, the plaintiff was driving south on the Lowell Road in Hudson. He accelerated on a straightaway, but when he attempted to decelerate before entering an S-curve by lifting his foot from the gas pedal, the pedal stuck. The truck continued to accelerate. The plaintiff negotiated the first part of the curve successfully and then attempted to kick the pedal back up with his foot. However, the pedal did not return. The plaintiff then reached down to pull it up with his hand while continuing to hold the wheel. As he attempted to pull up the pedal in that position, the truck crashed into a wall. The plaintiff suffered serious, extensive and permanent injuries. The jury found that the plaintiff's damages were $145,000 and that the plaintiff was forty percent negligent. The court then entered judgment for the plaintiff for $87,000. *See* RSA 507:7-a (Supp. 1975).

■■ Weighing of substantive evidence is the very essence of the jury's function. Consequently the trial judge has been granted little discretion to withdraw questions of substantive fact from a jury's consideration or to overturn their verdict. Motions for a directed verdict and judgment notwithstanding the verdict are similar

except as to their timing at trial. *See Amabello v. Colonial Motors*, 117 N.H. 556, 561, 374 A.2d 1182, 1185 (1977). Such motions may be granted only when the evidence and all reasonable inferences therefrom construed most favorably to the party opposing the motion would not enable a jury to find for that party. *Id.*; *Muzzy v. Rockingham County Trust Co.*, 113 N.H. 520, 521, 309 A.2d 893, 893–94 (1973). Because this standard is so strict, our scope of review has been broad.

■■ However, the trial court has much more discretion when considering a motion to set aside the verdict as against the weight of the evidence and for a new trial. Because of this greater discretion, we will uphold the trial court's decision on a motion for a new trial unless the decision was made without evidence or the court abused its discretion. *Eichel v. Payeur*, 107 N.H. 194, 196–97, 219 A.2d 287, 288–89 (1966); *Wisutskie v. Malouin*, 88 N.H. 242, 186 A. 769 (1936); *see Hauser v. Calawa*, 116 N.H. 676, 366 A.2d 489 (1976). As stated in *Bennett v. Larose*, 82 N.H. 443, 447, 136 A. 254, 256 (1926) "a motion addressed to the weight of the evidence primarily presents a question of fact for the presiding justice." An exception to the trial court's decision "presents for this court only the determination of the issue whether the presiding justice acted witlessly in passing upon the witlessness of the jury. . . ." 82 N.H. at 448, 136 A. at 257.

■ The standard of review, however, differs depending upon whether the trial court's decision was based on the verdict being against the evidence or as being against the weight of the evidence. The first is a ruling of law, and the second is a finding of fact which may not be overturned if there was any evidence to support it. As stated in *Wisutskie v. Malouin*, 88 N.H. at 243, 186 A. at 769–70 (1936):

> The questions whether a verdict has any evidence to support it and whether it is supported by the weight of the evidence, are both in their real nature inquiries of fact. Evidence on an issue is or is not sufficient to warrant the finding on it, and the finding does or does not have a preponderance of evidence in its favor. But while inquiry into the weight of evidence is treated as matter of fact, the question of sufficient evidence is dealt with as matter of law. The result is that while this court and the trial court consider the latter question by common and the same tests, the trial court's conclusion respecting the weight of evi-

dence is a finding and not a ruling. This court may only say, on exception to the finding, whether there was any reasonable evidence which permitted it.

Our recent case of *Faust v. General Motors Corp.*, 117 N.H. 679, 683, 377 A.2d 885, 888 (1977), could be read as suggesting that there is some question "whether the *Bennett* rule or the *Wisutskie* rule is the better statement of our law. . . ." We do not think that these two cases are inconsistent, however, and the rule that emerges from both is that "the findings and rulings of the Trial Court are not to be disturbed unless it clearly appears they were made without evidence or there was an abuse of discretion." *Eichel v. Payeur*, 107 N.H. at 196, 219 A.2d at 288, *citing Wisutskie v. Malouin supra.* "We . . . may not substitute our judgment for that of the Justice who heard and saw the witnesses and submitted the issues to the jury." *Perreault v. Lyons*, 99 N.H. 169, 170, 106 A.2d 380, 381 (1954), *citing Wisutskie v. Malouin*, 88 N.H. 242, 186 A. 769 (1936). He conducts the trial, observes the witnesses and the jury, and is in a better position than we are to evaluate the whole atmosphere of a trial, much of which cannot be gleaned from that portion of the proceedings that is reducible to a cold record. We do not say that such discretion cannot be abused. However, the trial judge is the one conducting the trial. Whether we, sitting as trial judges, would have reached the same or a different result is immaterial. In the doubtful case, such as this one, we should defer to his judgment.

We conclude that in this case the trial judge did not err in denying the defendant's motions for nonsuit, directed verdict and new trial.

One of defendant's employees testified that the mechanics all had at least five years' experience before they were employed by defendant. There are only four movable joints in the accelerator linkage of plaintiff's 1971 truck and "if something would stick, we should be able to remedy it." Such repairs are relatively routine, but failure to repair would constitute a potential threat or danger, said the sales manager. The service manager testified that accelerator linkage problems are not difficult to fix, in fact are "fairly easy to fix." The service manager further testified that all of defendant's mechanics were capable of fixing sticky accelerators. Based upon their testimony, the sales and service managers of the defendant qualify as experts or at least as persons whose knowledge is superior to that of the average laymen and whose opinion might aid the trier of fact. *See Rau v. First National Stores*, 97 N.H. 490, 494–95, 92 A.2d 921, 924 (1952).

The jury chose to believe that the plaintiff brought his vehicle to the defendant on two occasions during the summer and fall of 1972 despite conflicting evidence on this point. No other garage worked on the sticky gas pedal problem. Plaintiff testified that he brought the truck in during July 1972 and was told the problem was fixed. When it recurred the plaintiff again brought in the truck in late August or early September 1972. Plaintiff said the service manager again told him "everything was fixed this time around, there was no problems, there would be no more problems." The trial judge properly gave an instruction on expert testimony based upon the testimony of the sales and service managers of Betley Chevrolet-Buick, Inc. He also explained to the jury that the mere fact an accident occurred does not entitle a plaintiff to a verdict.

On this evidence plaintiff correctly asserted that the defendant either negligently fixed the accelerator linkage or that if it failed to fix the linkage or remedy the defect it at least had a duty to so inform the plaintiff of the agreed "danger." Plaintiff "has made it appear more probable than otherwise that the cause of the accident was as he contends. The plaintiff was not bound to exclude all other possible causes." *Lockwood v. Express Co.*, 76 N.H. 530, 537, 85 A. 783, 786 (1913). "Negligence, like any other fact, may be proved by circumstantial evidence. This is evidence of one fact, or of a set.of facts, from which the existence of the fact to be determined may reasonably be inferred." W. Prosser, Handbook of the Law of Torts 212 (4th ed. 1971).

The jury may infer that an accident caused by an "easily" fixed sticky accelerator that was repaired once unsuccessfully by defendant in July could have again been improperly repaired in September, thus causing the October accident. The jury was not compelled to so find, but to say there was no evidence at all on which to conclude negligence on the part of the defendant does violence to our common law. Physical causation is not always provable by an eye witness or a high-powered razzle dazzle expert from M.I.T. The law in this State is that "[a] s in the case of other questions of fact, a finding upon the issue of causation may be made as an inference from evidentiary facts." *Emery v. Tilo Roofing Co.*, 89 N.H. 165, 167, 195 A. 409, 410 (1937); *see Smith v. Boston & M.R.R.*, 63 N.H. 25 (1884).

On the evidence presented by the plaintiff, a jury could have found that the defendant twice failed to repair Kierstead's truck properly, that it had the expertise to remedy the defect if it exercised due care, that, contrary to its argument, the defect occurring at the time of the accident was the same one that it had attempted to fix, and that the plaintiff's conduct contributed forty percent to the accident.

■ The defendant also challenged three of the court's jury instructions. One involved the giving of a substantively correct instruction on the instinctive action doctrine, *to which the defendant excepted* because "the plaintiff had more than sufficient time to react to the stuck accelerator pedal." This exception does not challenge the law expounded in the instruction. Rather it raises a question of the substance of the evidence—it contends that as a matter of law this plaintiff's reaction could not have been instinctive. If we agreed with this assertion, we would then be presented with the question of law whether the instruction misled the jury. However, the defendant's conclusory assertions do not compel the finding that the instinctive action doctrine is inapplicable. Hence, the exception presents no narrow question of law but a question of the substantive value of the evidence. The instinctiveness of the plaintiff's action remains a question of fact. We cannot upset the verdict and judgment on this point under the standards we have set forth above.

■ The defendant also challenged the instruction on the emergency doctrine. The judge's charge on the emergency doctrine required the jury to find

> that there was a sudden, unexpected occurrence and the plaintiff Gary C. Kierstead, through his own conduct, did not cause or did not contribute to cause the emergency situation. Thus, if you find the plaintiff [contributed] to . . . the emergency situation, then this emergency doctrine should not be applied to judge whether or not he used reasonable care. [But if the plaintiff is blameless for the situation] then you should consider the effect of . . . the emergency . . . as one factor in determining whether he used due care. . . .

This fully accords with the law of this State. *See London v. Perreault*, 118 N.H. 392, 397, 387 A.2d 342, 345–46; *Remillard v. New England Tel. Co.*, 115 N.H. 702, 704, 349 A. 2d 588, 590 (1975); *Precourt v. Driscoll*, 85 N.H. 280, 288–89, 157 A. 525, 529–30 (1931). The defendant's contention, under this exception, that the plaintiff was guilty of negligence as a matter of law is not the same question as one of an erroneous instruction.

■ Finally, the defendant contends that the charge on negligence was so short that it was inadequate to explain "what conduct on the part of the defendant they had to find in order to find it negligent." Thus, he argues, the judge in effect charged the jury on res ipsa loquitur, which was mistaken as a matter of law because the

standards of that doctrine were not satisfied. We cannot accept this contention. If the charge on negligence is inadequate, then it is susceptible to an exception directed to its shortcomings. The defendant does not explain, nor can we discern, how any inadequacy of a negligence instruction transformed the instruction into a charge on res ipsa loquitur. Hence we need not review the correctness of a charge based on that theory.

*Exceptions overruled.*

LAMPRON, C.J. and BROCK, J., did not sit. CANN, J., sitting by special assignment pursuant to RSA 490:3 concurs; GRIMES and BOIS, JJ., concur in the result.