Belknap
No. 78-270

MARIE WILSON

v.

DARRELL AMELL, JR.

JOHN WILSON

v.

DARRELL AMELL, JR.

March 30, 1979

*Peter Makris*, of Laconia (*Stephen J. Neubeck* orally), for the plaintiffs.

*Wiggin & Nourie*, of Manchester (*William S. Orcutt* orally), for the defendant.

PER CURIAM. This case involves our standard for reviewing the actions of a trial judge who sets aside a jury verdict and orders a new trial. On February 19, 1975, plaintiffs brought suit seeking damages for personal injuries arising out of an automobile accident which occurred on May 10, 1973. A jury trial was held on February 6, 1978, and resulted in verdicts for the defendant. Plaintiffs filed a request that the verdicts be set aside and for a new trial. Defendant objected on grounds that a fair trial had been held on both liability and damages and requested a hearing on plaintiffs' motion. On March 17, 1978, the superior court granted plaintiffs' motion. The court found that "[t]he evidence is so predominantly in favor of the plaintiffs, on the issue of liability, as to disclose mistake and partiality on the part of the jury." Defendant appealed and his exceptions were transferred by *Keller*, C.J.

On May 10, 1973, seventeen-year-old Darrell Amell, Jr., was proceeding north in his automobile in traffic on Union Avenue in Laconia. Mr. Amell had just left his high school and was on his way to visit his

girl friend. He stopped near the high school to pick up a hitchhiker whose name he did not know but whom he recognized as someone from school. Traffic was proceeding slowly (approximately 15 mph) and was congested in the northbound lane. Mr. Amell observed a driver who was attempting to exit from a Cumberland Farms store on the westerly side of Union Avenue into the northbound lane. Mr. Amell stopped and waved at the driver, indicating that the driver should enter the northbound lane in front of him. The vehicle was being driven by Marie E. Wilson, one of the plaintiffs in this action, who was accompanied by her daughter, Donna Davis. After the plaintiff's vehicle entered the northbound lane of traffic ahead of Amell, both vehicles began moving in a northerly direction. The hitchhiker in defendant's car then asked Mr. Amell if he knew what time it was. Mr. Amell reached for his watch on the seat beside him where he had placed it because the band was broken. Because he was not able to feel his watch, he glanced down at the seat to his right. Mr. Amell testified that before he glanced down, his eyes were on the road ahead, that traffic was proceeding steadily, and that he saw no brake lights or other indications that traffic was slowing or stopping. At the request of counsel, Mr. Amell demonstrated to the jury the manner in which he glanced down to locate his watch and testified that he did take his eyes off the road in front of him. During this interval, the traffic ahead stopped and defendant's vehicle collided with the back end of plaintiff's vehicle.

In *Kierstead v. Betley Chevrolet-Buick, Inc.*, 118 N.H. 493, 496, 389 A.2d 429, 431 (1978), we noted that

> the trial court has much more discretion when considering a motion to set aside the verdict as against the weight of the evidence and for a new trial. Because of this greater discretion, we will uphold the trial court's decision on a motion for a new trial unless the decision was made without evidence or the court abused its discretion.

The trial judge

> conducts the trial, observes the witnesses and the jury, and is in a better position than we are to evaluate the whole atmosphere of a trial, much of which cannot be gleaned from that portion of the proceedings that is reducible to cold record. We do not say that such discretion cannot be abused. However, the trial judge is the one conducting the trial. Whether we, sitting as trial judges, would have reached the

same or a different result is immaterial. In the doubtful case, such as this one, we should defer to his judgment.

*Id.* at 497, 389 A.2d at 432.

*Exceptions overruled.*
*Remanded for new trial.*