Coos,
No. 5381.

HAROLD EICHEL *v*. ISABELLE PAYEUR.

ELAINE D. EICHEL *v*. SAME.

ISABELLE PAYEUR *v*. HAROLD EICHEL.

LOUIS A. PAYEUR *v*. SAME.

Argued September 9, 1965.
Decided October 29, 1965.

*George H. Keough* and *Hinkley & Donovan* (*Mr. Walter D. Hinkley* orally), for Harold Eichel.

*Hinkley & Donovan* (*Mr. Walter D. Hinkley* orally), for Elaine D. Eichel.

*Rich & Burns* (*Mr. James J. Burns* orally), for Isabelle and Louis A. Payeur.

DUNCAN, J. These are four actions on the case arising out

of a motor vehicle collision which occurred at an intersection in Gorham at approximately 11 P. M. on November 16, 1962. Mr. Eichel, accompanied by a passenger who subsequently became Mrs. Eichel, was operating his automobile in a northerly direction on Route 16, so-called, while Mrs. Payeur was driving an automobile owned by her husband in a southerly direction on the same highway. As Mrs. Payeur undertook to make a lefthand turn into an intersecting way leading southeasterly toward Cascade Flats the automobiles collided, causing damage to both cars, and personal injuries to all three occupants.

Trial by jury resulted in a verdict in the sum of $4,590 in the action by Elaine D. Eichel to recover for personal injuries and a verdict in the sum of $456 in the action by Louis A. Payeur to recover for damage to his automobile. Defendant's verdicts were returned in Mrs. Payeur's action against Mr. Eichel and in his action against her, both of which sought damages for personal injuries.

In the course of the trial the parties preserved certain exceptions including an exception by Mr. Eichel to denial of motions for nonsuit and directed verdict in the action by Louis A. Payeur. After the verdicts, the motion of Harold Eichel to set aside the verdict for the defendant Isabelle Payeur was denied subject to his exception, and the motion of Elaine D. Eichel to set aside the verdict in her favor against Isabelle Payeur was granted subject to the defendant Payeur's exception. The questions of law presented by the several exceptions were reserved and transferred by the Presiding Justice (*Leahy*, C. J.).

In the action of Elaine D. Eichel against Isabelle Payeur the only exception briefed and argued by the parties in this court was the defendant's exception to the order setting aside the verdict and ordering a new trial on the issue of damages only. The ground for the motion was that "the damages . . . were inadequate and against the weight of the evidence."

At the conclusion of the hearing on the motion the Presiding Justice for the first time disclosed to counsel that he had been "surprised" by the verdict and had interrogated the foreman of the jury concerning it. In so doing he learned that the issue of liability was determined by the jury as to all cases before damages were discussed. He also was told that the foreman had entertained the idea that any insurance coverage probably did not exceed $5,000, and thought that the verdict in the case of Eichel v. Payeur should be in that amount, that certain jurors

were disposed to assess the damages at $1,000, and that a verdict of $3,500 plus the plaintiff's bills (approximating $1,090) was finally agreed upon. The Court concluded his disclosure to counsel saying: "Now with that in mind I am going to set aside the verdict on damages only."

The plaintiff Elaine D. Eichel was 22 years old and unmarried at the time of the accident. At the time of trial she had a life expectancy of 55.9 years. In the collision she suffered a laceration below her lower lip which required stitches both inside and outside the mouth, and eventually plastic surgery. This left her with a permanent scar and a noticeable thickening of the lower lip. There was evidence that because of severed nerves, she suffered permanent numbness of the lip which occasionally caused food or drink to dribble from her mouth without her knowledge. There was evidence of a compression fracture of a lumbar vertebra which had healed by the time of trial, and of a permanent "slight slipped disc" resulting in atrophy of the muscles of the right thigh, and producing intermittent back pain.

It is "firmly settled law" both here and in other jurisdictions that the testimony of jurors is incompetent to impeach their verdict. 8 Wigmore, Evidence (McNaughton Rev.) 702, s. 2354. It is likewise settled by our decisions that the Trial Court may in its discretion recall and interrogate the jurors concerning the ground upon which they proceeded in reaching their verdict, in order to ascertain whether the case has been properly tried; and that this may be done even though the jurors have separated. *Dearborn* v. *Newhall*, 63 N. H. 301. See 8 Wigmore, *supra*, s. 2350. These principles, and the authorities by which they have been established were reviewed at length in *Caldwell* v. *Yeatman*, 91 N. H. 150, and need not be discussed in detail here.

Interrogation of a jury in open court is a recognized practice in the course of which the foreman may properly speak for the jury. *Walker* v. *Sawyer*, 13 N. H. 191; *Newell* v. *Rosenberg*, 275 Mass. 455. See *Burgess* v. *Giovannucci*, 314 Mass. 252.

In the case before us the Presiding Justice however appears to have questioned the foreman individually and privately. The extent, if any, to which the foreman's mistaken conceptions may have constituted a motive for the verdict on his part, or on the part of other jurors, does not appear. While no impropriety is seen in the Court's interrogation of the foreman as a part of his duty to supervise "the product of the jury" (*Caldwell* v. *Yeatman, supra*, 91 N. H. 150, 155), the impropriety of using

the information so obtained as a basis for finding the verdict inadequate seems clear. *Caldwell* v. *Yeatman, supra.*

The plaintiff's motion was grounded upon the inadequacy of the verdict and its opposition to the weight of the evidence. But for the comments of the Trial Court, the order granting the motion would be presumed to rest upon the grounds stated by the motion. However, the comment made in granting the motion: "Now *with that in mind* I am going to set aside the verdict on damages only" raises serious doubt as to whether the order was made in reliance upon the weight of the evidence, coupled with the foreman's statement that liability had been determined before damages were discussed, or upon his informal account of extraneous considerations which may or may not have affected the amount of the verdict. See *Winslow* v. *Smith,* 74 N. H. 65; *Blodgett* v. *Park,* 76 N. H. 435, 438; *McLaughlin* v. *Union-Leader,* 99 N. H. 492, 499.

On this state of the record, the order setting aside the verdict must be vacated and the case remanded for findings by the Trial Court as to whether the damages were inadequate solely because against the weight of the evidence before the jury at the trial. *Perreault* v. *Lyons,* 98 N. H. 317, 318. See *Perreault* v. *Lyons,* 99 N. H. 169. The exception of the defendant Payeur is sustained.

The exception of the defendant Harold Eichel in the suit against him by Louis A. Payeur is thought to be without merit. Eichel excepted to the denial of his motions for nonsuit and directed verdict, and to instructions to the jury that if both drivers were to blame, Mr. Payeur could nevertheless recover for the damage to his automobile "because at that particular time [Mrs. Payeur] was driving the car on her own business"; and to the instruction: "It is what we call a bailment, and he can recover on the car." The argument that Mrs. Payeur's use of the car was part of a joint enterprise is not supported by the record, and the request for an instruction which would have precluded the verdict reached in this action if Mrs. Payeur were found negligent was properly denied. *Leavitt* v. *Bacon,* 89 N. H. 383, 389, and cases cited; *Bowley* v. *Duca,* 80 N. H. 548, 549. See *Clark* v. *Hampton,* 83 N. H. 524, 530.

As plaintiff in his action against Mrs. Payeur, Harold Eichel requested an instruction "that he had a right to expect that Mrs. Payeur would yield the right of way to him and . . . not cross in front of him," and that he was "entitled to proceed, until it became apparent that she was not going to yield the right of

way to him." To the denial of this and a related request Eichel duly excepted.

The right to rely upon others to exercise due care in the absence of notice to the contrary is well established. See *Dane* v. *MacGregor*, 94 N. H. 294, 298. In this case the jury was adequately instructed concerning the rights of the parties at the intersection. Mr. Eichel testified that Mrs. Payeur turned suddenly and without warning into his path when he was approximately 100 feet away, and made no claim that his conduct was affected by any assumption that she intended to yield the right of way. In these circumstances failure to give the requested instructions was not error. *Dane* v. *MacGregor, supra; Cyr* v. *Sanborn,* 101 N. H. 245.

> *Exceptions of Harold Eichel overruled; exception of Isabelle Payeur sustained; order setting aside verdict for Elaine D. Eichel vacated; case remanded.*

All concurred.