Merrimack,
No. 5388.

### RICHARD M. SKIVINGTON v. GERALD E. ROBINSON.

Argued October 6, 1965.
Decided October 29, 1965.

*Paul A. Rinden* (by brief and orally), for the plaintiff.

*Devine, Millimet, McDonough, Stahl & Branch* and *E. Donald Dufresne* (*Mr. Dufresne* orally), for the defendant.

DUNCAN, J. This action arises out of a collision which occurred on Manchester Street in Concord, at the foot of Black Hill, so-called, when a taxicab operated by the plaintiff and proceeding in an easterly direction, was in collision with an automobile being operated by the defendant in the opposite direction, as the defendant sought to cross the plaintiff's lane of travel to enter a filling station on the southerly side of the street. The weather was cold, clear and dry. The evidence as to the condition of the road surface was conflicting. According to the plaintiff, the road was clear of ice and snow, but white with salt. In his motor vehicle report he had described the road surface as "frosty." At the trial he testified that the air was frosty, but conceded that the word as used in his report applied to the road surface. The defendant, in his motor vehicle report, had checked "snow or ice" to describe the road surface, but testified at the trial: "Actually it was frosty."

The plaintiff's evidence tended to prove that the defendant, with an unobstructed view of the plaintiff's car, undertook without warning to cross in front of it when there was no opportunity to do so in safety. The defendant testified that his automobile "skidded across the road" when he undertook to stop as he started to turn to his left. To this testimony the plaintiff objected "as being precluded by the pre-trial agreement." His counsel stated: "The pre-trial was very explicit on this particular point in that it was agreed he was turning across the road *immediately* prior to the collision, and I think this violates the pre-trial

agreement." The objection was overruled and the plaintiff's exception was noted.

In support of his exception, the plaintiff relies upon Superior Court Rule 51(b), formerly Rule 48(b) (99 N. H. 615) which provides in part as follows: "The court shall make an order which . . . when entered controls the subsequent course of the action, unless modified at the trial to prevent manifest injustice." He argues that the rule implies that any amendment of the pre-trial agreement shall be upon motion by the party seeking relief from the agreement; and that the absence of such a motion in this case prevented the plaintiff from raising the issue of surprise and prejudice which arose from receipt of the evidence.

We agree with the argument that one of the purposes of Rule 51(b) was to eliminate surprise (3 Moore, Fed. Practice 2d *ed., s.* 16.11); and that preferably any modification of a pre-trial order "should be by direction rather than indirection," or implication. *Jenkins* v. *Devine Foods, Inc.,* 3 N. J. 450, 458. See *Lynch* v. *Bissell,* 99 N. H. 473, 478; 6 Cyc. Fed. Proc. (3d *ed.*) *s.* 19.32; 3 Moore, *supra, s.* 16.20.

If the pre-trial agreement in this case had contained a plain stipulation that skidding would not be offered as a defense, then we would reach the issue of whether pre-trial orders can be modified at the trial without formal application. As was pointed out in Nims, Pre-trial (1950) *p.* 159 there is no general uniformity of opinion with respect to the degree of formality required to modify a pre-trial order.

However the issue need not be determined for purposes of this case. The ruling of the Trial Court implied a finding that the evidence objected to was not precluded by the agreement contained in the pre-trial order. The pertinent agreement was as follows: "4. Immediately prior to the accident the defendant was making a left hand turn across the path of the plaintiff in order to enter a gas station, and the collision occurred immediately after the attempt to make the turn."

The record indicates that the defendant had testified on deposition that his automobile skidded. The subsequent agreement of the parties at pre-trial was not so plainly an admission that skidding did not occur as to make the testimony inadmissible under the agreement. The argument that the words "was making a . . . turn" and "the collision occurred immediately after the attempt" foreclose the possibility of a skid while turning and of any interval of time to permit skidding before collision, does

not merit adoption. A litigant should not thus be deprived of a valid defense not specifically waived. We think that the agreement does not fairly admit of the interpretation which the plaintiff seeks to place upon it. The exception to the order permitting the testimony to stand is overruled.

The issues presented by the motions to set aside the verdict and for judgment notwithstanding the verdict are limited in scope. A plaintiff is entitled to judgment notwithstanding the verdict "only when his case is established by the sole reasonable inference from undisputed facts." *Boothby* v. *Prescott*, 97 N. H. 504, 505; *Exeter Banking Co.* v. *Taylor*, 85 N. H. 458, 460. This is not such a case. The issue of liability turned primarily upon the credibility of the witnesses. The finding of the Trial Court, that the preponderance of the evidence favoring the plaintiff was not so great as to make it clear that the jury acted improperly or failed to consider the evidence intelligently, was not unreasonable as a matter of law. *Wisutskie* v. *Malouin*, 88 N. H. 242, 246.

*Judgment on the verdict.*

All concurred.