Strafford
No. 80-008

GERALD T. GOWEN *& a.*

v.

MONA B. BROTHERS

May 11, 1981

*Fisher, Parsons & Moran*, of Dover (*Edward T. Clancy* on the brief and orally), for the plaintiffs.

*Stark & Peltonen*, of Manchester (*John E. Peltonen* on the brief and orally), for the defendant.

BROCK, J.   This is a personal injury action in which the plaintiffs appeal from an adverse jury verdict. The central questions are whether the Trial Court (*Mullavey*, J.) erred in declining to remove the issue of causation from the jury and in refusing to grant post-verdict relief.

The plaintiff, Gerald Gowen, and the defendant, Mona Brothers, were involved in a motor vehicle accident in which the plaintiff claims to have injured his shoulder. At trial, the defendant admitted a duty to stay in her own lane of travel and a breach of that duty, but denied that such breach was the cause of the injuries and damages claimed by the plaintiffs. At trial, the plaintiffs presented the testimony of a medical doctor who was of the opinion that the condition in Gerald Gowen's right shoulder was related to the accident. Irene Gowen was not involved in the accident, and her claim is for loss of consortium only.

The jury returned a verdict for the defendant and the plaintiffs appealed, contending that because the testimony of the defendant's medical expert did not directly contradict their expert's testimony, the judge should have removed the issue of causation from the jury's deliberations and granted their motion for judgment notwithstanding the verdict or, in the alternative, should have vacated the judgment and ordered a new trial.

The law in this State is that causation is an issue of fact. *Kierstead v. Betley Chevrolet-Buick, Inc.*, 118 N.H. 493, 498, 389 A.2d 429, 433 (1978) (citing *Emery v. Company*, 89 N.H. 165, 167, 195 A. 409, 410 (1937)). The "[w]eighing of substantive evidence is the very essence of the jury's function. Consequently, the trial judge has been granted little discretion to withdraw questions of substantive fact from the jury's consideration. . . ." *Id.* at 495, 389

A.2d at 431. In this case, the plaintiffs attempted to prove causation of injury through the use of expert testimony. Contrary to the plaintiffs' argument, however, the testimony of an expert witness does not convert an issue of fact into one of law. *See State v. Rullo*, 120 N.H. 149, 152, 412 A.2d 1009, 1011 (1980); *State v. Hudson*, 119 N.H. 963, 967, 409 A.2d 1349, 1351 (1979). The plaintiffs contend that the medical testimony was uncontradicted, but our review of the record indicates that the doctor's testimony, although not directly contradicted, was subjective in nature and was based mainly on Mr. Gowen's complaints of pain and discomfort. The defendant's failure to produce contradictory testimony could, as a practical matter, result in increased weight being given to the plaintiffs' expert testimony, "but unless special circumstances not existing here are present, it does not change the issue of fact to a matter of law." *Dube v. Robinson*, 92 N.H. 312, 314, 30 A.2d 482, 484 (1943). The jurors must still make the determination of fact; the trier of fact observes the witnesses, judges their credibility and hears their testimony, accepting or rejecting it in whole or in part. *State v. Rullo*, 120 N.H. at 152, 412 A.2d at 1012; *Gordon v. Gordon*, 117 N.H. 862, 865, 379 A.2d 810, 813 (1977). The acceptance of expert testimony is not required until the jury has found that it is entitled to reliance. *Andrew v. Goodale*, 85 N.H. 510, 513, 161 A. 36, 37 (1932). It follows that the plaintiffs' argument that the judge was bound to find that causation had been established by the medical testimony cannot prevail. We hold that causation in this case was not established as a matter of law and was, therefore, properly a question for the jury to decide.

The plaintiffs also contend that, because no other medical evidence was presented, the judge erred in not granting their motions for judgment n.o.v. and for a new trial.

The plaintiffs' motion for judgment n.o.v. relates to the sufficiency of the evidence and presents a question of law. *Kierstead v. Betley Chevrolet-Buick, Inc.*, 118 N.H. at 496, 389 A.2d at 431. The trial judge has very little discretion when deciding whether to grant the motion for judgment n.o.v. *See Amabello v. Colonial Motors*, 117 N.H. 556, 561, 374 A.2d 1182, 1185 (1977). The standard is a rigorous one: the plaintiff would be "entitled to judgment n.o.v. 'only when his case is established by the sole reasonable inference from undisputed facts.'" *Amabello v. Colonial Motors*, 117 N.H. at 561, 374 A.2d at 1185 (citing *Skivington v. Robinson*, 106 N.H. 493, 496, 213 A.2d 921, 923 (1965)). The jury, as the trier of fact in this case, weighed the evidence, judged the credibility of the witnesses and found for the defendant. When the

credibility of witnesses is in issue or several reasonable inferences may be drawn from the testimony presented, the motion for judgment n.o.v. must be denied. *Id.* Here, the jury could have concluded from the testimony that the accident was not the cause of Mr. Gowen's injury. There was evidence before the jury that his job as a yard foreman in a construction supply business was a physically demanding one and that he participated in many sports activities. The plaintiffs' medical expert himself testified that the injury complained of by Mr. Gowen was occasionally seen in athletes. We conclude that the record before us contains sufficient evidence to support the jury's verdict and that the denial of the plaintiffs' motion for judgment notwithstanding the verdict was proper.

■■ Finally, the plaintiffs claim that the trial judge erred in not vacating the judgment and ordering a new trial. They contend that either the jury fell into plain mistake or the verdict was against the weight of the evidence. This motion presents a question of fact and we will not overturn the trial court's decision if there is any reasonable evidence to support it. *Kierstead v. Betley Chevrolet-Buick, Inc.*, 118 N.H. at 496–97, 389 A.2d at 431. After a careful review of the record, we conclude that the trial judge did not err in denying the plaintiffs' motion for a new trial.

*Affirmed.*

All concurred.