Rockingham
No. 80-357

MATTHEW ROGERS

v.

PUBLIC SERVICE COMPANY OF NEW HAMPSHIRE

November 16, 1981

*Shaines, Madrigan & McEachern*, of Portsmouth (*Paul McEachern* on the brief and orally), for the plaintiff.

*Sulloway, Hollis & Soden*, of Concord (*R. Carl Anderson* on the brief and orally), for the defendant.

BOIS, J. The sole question presented to us by this appeal is whether the Trial Court (*Bean*, J.) erred in its refusal to set aside a

jury verdict for the defendant as being against the weight of the evidence. We affirm.

On November 9, 1975, the plaintiff, fourteen-year-old Matthew Rogers, resided with his parents on Fore Road, which is located in a comfortable residential area in Eliot, Maine. The front lawn of the Rogers' home sloped down from the house to the edge of the road, where there stood a large maple tree. To safeguard his children from the road traffic, Mr. Rogers, the father, had constructed across the front lawn a three-foot-high pole fence that ran within two to three feet of the tree. A large lower branch of the tree was about eight-and-one-half feet off the ground and overhung the top of the fence, allowing access for children to climb into the tree.

About 1933, a 2400-volt uninsulated but weatherproofed electric distribution line was erected along Fore Road. In 1970, the defendant Public Service Company of New Hampshire reconstructed the line to carry 7200 volts. The company replaced and renewed, where necessary, the ground wires, poles, cross-arms and insulators of the line in the vicinity of the Rogers' home. It restrung the original distribution wires, which by that time were bare because the elements had worn away most of the original weatherproof coating.

In the late afternoon of November 9, 1975, the plaintiff was playing in the backyard with his three brothers when they heard and saw an overflight of three helicopters. All four boys ran to the maple tree and, by climbing up onto the fence, pulled themselves into the heart of the tree. Matthew climbed above the distribution wires, which were twenty-four feet, six inches above the ground. He testified that, at that time, he did not think of a previous warning to stay out of the tree that had been issued to him and his brothers by his father. The boys remained playing aloft in the tree for some time until called for dinner.

The plaintiff began to descend from the tree. He stated that he did not see the distribution wire and was not aware of it. He testified at trial "[w]ell, as I was coming down, I went to reach for a branch, and apparently it wasn't a branch, and I just blacked out after that. . . . I remember waking up in the hospital." As a result of his contact with the line, he received serious burns and permanent injuries.

The plaintiff then brought the underlying negligence tort action against the defendant company to recover damages. The case was first tried in September of 1979 and resulted in a mistrial when the jury, having found the company negligent, was then unable to agree as to the extent, if any, of the plaintiff's comparative negligence. A second trial was had in June of 1980. Written interroga-

tories in the form of a request for special findings were again submitted to the jury, which found the defendant company free of any negligence and returned a verdict for the defendant. The "motion to set aside verdict and for new trial" filed by the plaintiff was denied by the court and resulted in the appeal now before us.

The parties agreed at trial that Maine law applied to the substantive aspects of this case. They now further agree that New Hampshire law established the applicable procedural law.

Premised on his claims that the tree was climbable by young boys, that the uninsulated line located ten inches from the trunk of the tree created a foreseeable, unreasonable hazard to someone in the tree, and that the defendant failed in its duty to do anything it could have done to "reduce hazards to life as far as practical," the plaintiff argues that the jury fell into a plain and witless mistake. *Bennett v. Larose*, 82 N.H. 443, 448, 136 A. 254, 257 (1926).

■ The standard to be applied by the court in reviewing the denial, by the trial justice, of a motion addressed to the weight of the evidence is that such a finding of fact may not be overturned if the record discloses any evidence to support the finding and there is absent any abuse of discretion on the part of the trial court. *Kierstead v. Betley Chevrolet-Buick, Inc.*, 118 N.H. 493, 496–97, 389 A.2d 429, 431–32 (1978); *see Gowen v. Brothers*, 121 N.H. 377, 381, 430 A.2d 159, 161 (1981); *Automated Housing Corp. v. First Equity Asso's., Inc.*, 121 N.H. 177, 180, 428 A.2d 886, 888 (1981).

The plaintiff's principal focus is on the testimony of the defendant's expert, Michael J. Dalton, which he suggests is crucial to his position. Mr. Dalton testified that in constructing and maintaining the line, the company exercised reasonable care and exceeded the requirements of the National Electrical Safety Code, which provide that all lines and equipment shall be installed and maintained so as to reduce hazards to life as far as practical. He also testified that, in his opinion, the tree was reasonably unclimbable.

This testimony in itself was sufficient to support the verdict under the *Kierstead* standard. The plaintiff, however, argues that Dalton was the only witness who did not consider the tree in question to be climbable and that a weighing of the conflicting testimony compelled a finding that the tree was in fact climbable. Relying on *Faust v. General Motors Corp.*, 117 N.H. 679, 377 A.2d 885 (1977), he reasons and concludes that for the jury to find that the maple tree was other than climbable, it would have had to "[neglect] to consider the facts, and [overlook] prominent and essential points in the evidence. . . ." *Id.* at 682, 377 A.2d at 887 (quoting *Wendell v. Safford*, 12 N.H. 171, 178 (1841)).

◼◼ We disagree with the plaintiff's reasoning. A review of the record does not provide us with a basis for concluding that the trial judge erred in upholding the jury's verdict. "Weighing of substantive evidence is the very essence of the jury's function." *Kierstead v. Betley Chevrolet-Buick, Inc.*, 118 N.H. at 495, 389 A.2d at 431; *see Gowen v. Brothers*, 121 N.H. at 379, 430 A.2d at 160. The power to set aside a verdict as against the weight of the evidence "is and should be very sparingly exercised by courts of law, because, not only is the jury the proper and lawful tribunal to determine questions of fact, but cases will rarely come to them so clear as to admit of no serious question." *Clark v. First Congregational Society*, 45 N.H. 331, 334 (1864).

The record reveals that the jury viewed the Rogers' premises and that evidence and testimony existed in support of each party. The jury weighed the evidence and testimony of the witnesses presented by the parties, including the experts, and were persuaded to return a verdict for the defendant.

We conclude, on the record before us, that the trial court did not err in denying the plaintiff's "motion to set aside the verdict and for new trial."

*Exception overruled; affirmed.*

All concurred.