Hillsborough
No. 81-208

### WILLIAM J. STREIT & a.

v.

### MICHAEL F. CALLAHAN d/b/a
### CALLAHAN CONSTRUCTION, INC.

March 10, 1982

*Stephen E. Borofsky*, of Nashua, by brief and orally, for the plaintiffs.

*Robert J. Moses*, of Amherst, by brief and orally, for the defendant.

## MEMORANDUM OPINION

Following a view of the premises and a trial (*Flynn*, J., presiding), a jury returned a verdict for the plaintiffs in the amount of $13,000.

The claims against the defendant, a builder who (according to his own testimony) has been involved in hundreds of construction projects, were that he breached his contract to build a house for the plaintiffs by failing to perform some of the construction in a workmanlike manner. The principal dispute centered on a set of stairs that the plaintiffs alleged were inadequate. The stairs were constructed with a nine-inch tread, but, because the angle between the tread and the riser was less than ninety degrees, the distance between the leading edge of one tread and a plane perpendicular to the leading edge of the next tread was only six inches.

The defendant has preserved only two issues for appeal. The first issue, in essence, is whether the issuance of a certificate of occupancy by a town building inspector precluded a finding of liability, as a matter of law. The second issue is whether there was sufficient evidence to support the verdict.

▇ We hold that the issuance of a certificate of occupancy is not conclusive on the issue of compliance with a town building code. The certificate of occupancy merely provides evidence that the town building inspector believed that the structure was in compliance. The plaintiffs presented expert testimony that the stairs did not comply with the code. Given the conflict at trial over the question of compliance with the building code, we need not decide whether actual compliance with the building code would preclude recovery by the plaintiffs. *See generally Lemery v. O'Shea Dennis, Inc.*, 112 N.H. 199, 200–01, 291 A.2d 616, 617–18 (1972).

▇ Furthermore, there was sufficient evidence introduced at trial for the jury to conclude that the stairs were constructed in an unworkmanlike manner. The plaintiffs' expert testified that, according to his interpretation of the building code, the stairs were negligently designed. The defendant's expert admitted that the code was susceptible to various interpretations. The jury had a view of the premises and was able to weigh the testimony introduced at trial. It is clear that there was sufficient evidence to sus-

tain the verdict. *See Rogers v. Public Service Co.*, 121 N.H. 956, 959, 437 A.2d 263, 265–66 (1981).

*Affirmed.*

KING, C.J., did not sit.