Belknap
No. 81-445

MARION CHASE & a.

v.

ARLENE DODGE AVIGDOR

October 14, 1982

*Nighswander, Martin, KillKelley & Kidder P.A.*, of Laconia (*Walter L. Mitchell* on the brief and orally), for the plaintiffs.

*Orr & Reno P.A.*, of Concord (*James E. Morris* on the brief and orally), for the defendant.

BOIS, J.   The defendant appeals from a decree of the Superior Court (*Nadeau*, J.) approving a Master's (*Robert A. Carignan*, Esq.) recommendation to allow the plaintiffs additional time in which to satisfy the preconditions of an option to repurchase realty. We affirm.

On June 1, 1979, the plaintiff Marion Chase conveyed by deed certain land in Meredith, New Hampshire to the defendant, Arlene Avigdor. The deed contained a provision which permitted the plaintiffs, Marion Chase and her heirs, to reacquire under specified conditions a one-acre parcel (known as parcel B) of the land conveyed. The "purchase-back" provision stated in pertinent part as follows:

> "SUBJECT to the right of the grantor, her heirs and assigns, to purchase a portion of Tract 2 . . . from the Grantee her heirs and assigns for One Dollar ($1.00) on or before December 1, 1979. Time is of the essence. *This condition is subject to the grantee obtaining subdivision approval from the Town of Meredith and the State of New Hampshire for said subdivision.* If subdivision approval cannot be obtained by the grantee, through good faith efforts, this provision becomes null and void and of no further effect as of December 1, 1979."

(Emphasis added.)

On October 23, 1979, the Meredith Planning Board approved the subdivision and designated parcel B as a non-building lot. The condition in the deed for subdivision approval by the town was thus satisfied. Neither the plaintiff grantor nor the defendant grantee obtained subdivision approval from the State under the applicable

sewage disposal systems statute (RSA ch. 149-E). When the defendant refused to reconvey parcel B in accordance with the terms of the purchase-back option, the plaintiffs sought redress in equity.

A hearing was scheduled for October 4, 1981. On September 25, 1981, the defendant moved for a continuance, claiming that her husband was seriously ill and that she had to accompany him while he received treatment in Florida. The court denied the defendant's motion and, although the hearing took place as scheduled, the defendant did not attend.

At the hearing, the plaintiffs contended that State subdivision approval under the sewage disposal systems statute was unnecessary because the subdivision fell within certain exceptions under section three of the statute. The master rejected this argument and ruled that subdivision approval by the State was required. The master, however, found that the plaintiffs' failure to secure subdivision approval was not unreasonable under the circumstances and that the defendant would be unjustly enriched if she were allowed to retain parcel B.

Cognizant of the equitable nature of the proceedings, the master recommended that the plaintiffs be given an additional sixty days to obtain the requisite approval. He further recommended that the defendant be ordered to convey parcel B to the plaintiffs if and when they secured subdivision approval from the State. The superior court entered a decree in accordance with these recommendations, and the defendant appealed to this court.

■ The defendant argues that the terms of the purchase-back provision were clear and unambiguous and that the court therefore erred in extending the time for performance. We agree that the purchase-back provision was unambiguous and that courts generally have no authority to rewrite contracts into which the parties have freely entered. See Mills v. Nashua Fed. Sav's and Loan Assoc., 121 N.H. 722, 726, 433 A.2d 1312, 1315 (1981); Gosselin v. Archibald, 121 N.H. 1016, 1022, 437 A.2d 302, 307 (1981). Nevertheless, we hold that the particular facts of this case and the likelihood that the defendant would be unjustly enriched supported the court's decision.

■■ Initially, we recognize that, in an equitable proceeding such as the instant case, trial courts have wide discretion in granting relief and preventing unjust enrichment. See Associated Home Util's, Inc. v. Town of Bedford, 120 N.H. 812, 815–16, 424 A.2d 186, 189 (1980); Crocker v. Canaan College, 110 N.H. 384, 388, 268 A.2d 844, 847 (1970). Here, the record shows neither that the defendant was concerned about the failure to secure State

subdivision approval nor that she raised this issue prior to trial. In fact, the defendant had little to gain by the receipt of State subdivision approval. The master thus correctly determined that the defendant would be unjustly enriched if she were allowed to take advantage of the requirement for subdivision approval by the State. We hold that the master properly exercised his discretion.

We note that the purchase-back option clearly stated that "the grantee," *the defendant herein*, had the obligation to obtain subdivision approval from both the town and the State. The record, however, reveals that the defendant never attempted to fulfill this obligation. We are puzzled, and the record does not enlighten us, as to why the master, without objection by the plaintiffs, found that the only issue before him was "whether the *plaintiffs* [the grantors] secured subdivision approval . . . as required under the terms of the deed in issue." (Emphasis added.)

■ The defendant also argues that the court erred in denying her motion for continuance and in rendering a decision without having received testimony from the defendant. The defendant admits that the granting of a motion for continuance falls within the discretion of the trial court. *Fitzgerald v. Sargent*, 117 N.H. 104, 107, 371 A.2d 456, 458 (1977).

■■ As previously mentioned, the defendant claimed in her motion to continue that her husband was ill and needed her assistance in Florida at the time of the hearing. The defendant, however, has failed to provide us with a transcript of any proceedings concerning her motion, and the record contains no evidence regarding her husband's alleged illness. In the absence of a sufficient record, we must limit our review to a determination of whether any errors appear on the face of the existing record. *Orford Teachers Assoc. v. Watson*, 122 N.H. 803, 804, 451 A.2d 378, 379 (1982); *Baker v. Dennis Brown Realty*, 121 N.H. 640, 644, 433 A.2d 1271, 1273 (1981). On the record before us, we cannot say that the court erred in denying the defendant's motion for continuance.

*Affirmed.*

All concurred.