Hillsborough
No. 81-411

ROBBY A. MOORE

v.

VICTOR AKSTEN

March 31, 1983

Ross & Davis, of Manchester (Clifford J. Ross on the brief and orally), for the plaintiff.

Victor Aksten, of Manchester, by brief and orally, pro se.

PER CURIAM. In March 1976, the parties were involved in a near motor vehicle collision which culminated in the defendant, Victor Aksten, pursuing the plaintiff, Robby A. Moore, and then striking and injuring him. The plaintiff brought suit in Superior Court (Souter, J.) and received a jury verdict in the amount of $11,069. The defendant now appeals.

 The defendant argues that Johnson, J., and Flynn, J., erred in denying his pretrial motions for continuance. He further claims that Souter, J., erred in refusing to grant his motion to amend his pleadings to include an allegation of justification. Disposition of such motions falls within the sound discretion of the trial court. See Chase v. Avigdor, 122 N.H. 906, 909, 451 A.2d 1313, 1315 (1982); MacLeod v. Chalet Susse Int'l, Inc., 119 N.H. 238, 244, 401 A.2d 205, 210 (1979). The record reveals that at the time of the defendant's motions for continuance this case had been pending in superior court for more than five years, that the underlying subject matter was not complex, and that the defendant had previously filed seven motions for continuance, many of which were granted. Additionally, the record shows that the defendant waited until shortly before the jury was to be selected to file his motion to amend, and that his pleadings and pretrial statements failed to allege sufficient facts for a defense of justification. Under these circumstances, we hold that the denial of the defendant's motions did not constitute an abuse of discretion.

 The defendant also argues that the trial court erred when it denied his motion to set aside the award of damages as being

against the weight of the evidence. We will uphold a trial judge's denial of a motion to set aside a verdict as against the weight of the evidence unless the trial court's ruling was made without evidence or there was an abuse of discretion. *Rogers v. Pub. Serv. Co. of N.H.*, 121 N.H. 956, 958, 437 A.2d 263, 265 (1981); *Kierstead v. Betley Chevrolet-Buick, Inc.*, 118 N.H. 493, 496–97, 389 A.2d 429, 431–32 (1978). Although the evidence was conflicting, there was medical testimony that the defendant caused the plaintiff to sustain a facial fracture, impairment of vision, and severe headaches. Other evidence existed which provided the jury with a basis for finding the defendant's conduct so wanton as to warrant an award of punitive damages. The evaluation of conflicting evidence and credibility lies with the jury, and the trial court is not permitted to usurp this function. *Rogers v. Pub. Serv. Co. of N.H.*, 121 N.H. at 959, 437 A.2d at 265. Because the above-mentioned evidence supported the damages awarded, the trial court properly refused to set aside the jury's verdict. *See Jacques v. Paquin*, 122 N.H. 868, 869, 451 A.2d 1283, 1284 (1982).

We have reviewed the defendant's remaining arguments and find them to be without merit. We also find that this appeal was not frivolous and, therefore, we reject the plaintiff's request for an award of reasonable attorney's fees and costs.

*Affirmed.*