Grafton
No. 84-392

SUSAN A. CORLISS

v.

MARY HITCHCOCK MEMORIAL HOSPITAL

August 16, 1985

*Bruckner Professional Corporation*, of Woodsville (*Gregory M. Sorg* on the brief and orally), for the plaintiff.

*Orr & Reno P.A.*, of Concord (*Ronald L. Snow & a.* on the brief, and *Mr. Snow* orally), for the defendant.

BATCHELDER, J. The plaintiff, Susan Corliss, brought suit against the defendant hospital, seeking damages for severe emo-

tional harm allegedly resulting from negligent treatment by the hospital's employees. After a jury returned a verdict for the plaintiff, the Superior Court (*Johnson*, J.) granted the defendant's motion for judgment notwithstanding the verdict (judgment n.o.v.). In his order, the trial judge referred to certain comments made to him by members of the jury that indicated that it had decided the case on the basis of considerations other than the law set forth in the jury instructions. These comments were made out of the presence of the parties and counsel when the court thanked the jurors for their service. The court's order stated that it was made independently of these statements. We vacate the judgment n.o.v. because we find that the court did not apply the correct standard in ruling on the motion. We remand for a new trial because we find that the court erred in failing to inquire of the jury on the record about its deliberations after hearing the incriminating statements of several jurors.

The plaintiff alleged that the hospital's employees were negligent in failing to monitor the plaintiff's condition following the delivery of her child. The plaintiff alleged that, because the employees failed to monitor her condition in accordance with hospital policy, they failed to discover that she was bleeding excessively due to the severance of a vaginal artery and that, as a result, she suffered severe emotional trauma. In support of these allegations, the plaintiff, her husband, and a friend testified that no nurse attended her during the time in question. In rebuttal, the hospital offered the testimony of the nurses responsible for the plaintiff's care and hospital records which indicated that the nursing staff monitored the plaintiff's condition in keeping with hospital policy.

The central issue at trial was thus one of credibility. In granting the defendant's motion for judgment n.o.v., the trial court essentially ruled that as a matter of law this issue of credibility must be resolved in favor of the defendant.

> "I do independently find that the plaintiff's claim that she went entirely without monitoring from the nursing staff from 5:22 a.m. to 7:45 a.m. to be utterly preposterous. I further find that the plaintiff's claim that there was a massive conspiracy of the nurses and hospital employees to create false entries in her "Immediate Post Partum Observation" chart to be equally preposterous and unworthy of belief."

We reverse because we find that the court in making its ruling did not employ the correct standard in reviewing the evidence.

In *Amabello v. Colonial Motors*, 117 N.H 556, 374 A.2d 1182 (1977), we set forth the judgment n.o.v. standard in detail:

> "A party is entitled to judgment n.o.v. 'only when his case is established by the sole reasonable inference from undisputed facts.' The court must construe the evidence and all reasonable inferences therefrom most favorably to the party opposing the motion. It cannot weigh the evidence or judge the credibility of the witnesses, and, if the evidence is conflicting or several reasonable inferences may be drawn, the motion for judgment n.o.v. should be denied. It should be granted only when all of the evidence viewed most favorably to the opponent so overwhelmingly favors the moving party that no contrary verdict based upon that evidence could ever stand."

*Id.* at 561, 374 A.2d at 1185 (quoting *Skivington v. Robinson*, 106 N.H. 493, 496, 213 A.2d 921, 923 (1965)) (citations omitted). Because the trial court in making its ruling necessarily treated the plaintiff's evidence as incredible, it failed to apply the standard above and thereby committed reversible error. We therefore vacate the court's order.

 The reversal of a judgment n.o.v. revitalizes the verdict of the jury. We do not allow the jury verdict to stand in this case, however, because we find that the court erred in failing to inquire of the jury on the record about its deliberations, after hearing the disturbing remarks of several jurors. We note that this error stemmed solely from the fact that the law on this subject needs clarification. We accordingly formulate the following rule.

 We hold that when members of a jury prior to their separation make statements to the court, out of the presence of parties and counsel, that tend to impeach the verdict, the court has an affirmative obligation to inquire of the jury respecting the propriety of its deliberations.

 Recently, in *Bunnell v. Lucas*, 126 N.H. 663, 495 A.2d 1282 (1985), and *Drop Anchor Realty Trust v. Hartford Fire Ins. Co.*, 126 N.H. 674, 496 A.2d 339 (1985), we reaffirmed the longstanding authority of the trial courts to recall and interrogate the jury on the propriety of the conduct of its deliberations.

> " 'It is . . . settled . . . that the Trial Court may in its discretion recall and interrogate the jurors concerning the ground upon which they proceeded in reaching their verdict, in order to ascertain whether the case has been properly tried; and that this may be done even though the jurors have separated.' "

*Bunnell v. Lucas, supra* at 669, 495 A.2d at 1285 (quoting *Eichel v. Payeur*, 106 N.H. 484, 486, 214 A.2d 116, 118 (1965)).

 It has been the law of this State that the exercise of this power "is a matter within the sound discretion of the trial court." *Drop Anchor Realty Trust, supra* at 683, 496 A.2d at 345. Where the court learns of information that tends to impeach the verdict after the jury has separated, the dangers that in the interim the parties have influenced the jurors or the memories of the jurors have become clouded militate against recalling and interrogating the jury. *See Drop Anchor Realty Trust v. Hartford Fire Ins. Co., supra* at 683, 496 A.2d at 345. In such a case, the court may have valid reasons for declining to recall and interrogate the jury.

 In cases where the jury has not been dismissed, however, the dangers of undue influence and memory loss are not present. In such a case, we can see no reason for not inquiring of the jury as to the propriety of its deliberations. Upon the hearing of statements by members of an unseparated jury that tend to impeach its verdict, the court is therefore obligated to inquire further of the jury on the record about its deliberations. Fairness requires that such an inquiry be made, especially when the parties or their counsel were not present at the time the incriminating statements were made. By making such an inquiry, the court will not only fulfill its role as the monitor of the jury in the discharge of its fact-finding function, but also foster continued confidence in the court system.

 In conclusion, we recommend that a trial judge who engages in post-trial conversation with a jury expressly discourage and avoid any comments or talk concerning the particular case when the judge has reason to believe that he may have to rule on motions relating to the merits of the case.

*Reversed and remanded for new trial.*

All concurred.