Hillsborough-northern judicial district
No. 96-360

ARTHUR SLATTERY & a.

v.

THE NORWOOD REALTY, INC.

November 30, 2000

*Wenger & Cronin, P.C.*, of Bedford (*John G. Cronin* and *John F. Bisson* on the brief, and *Mr. Bisson* orally), for the plaintiffs.

*Sheehan Phinney Bass + Green, P.A.*, of Manchester (*James E. Higgins* on the brief and orally), for the defendant.

DALIANIS, J. The defendant, Norwood Realty, Inc., appeals from a verdict in favor of the plaintiffs, Arthur Slattery and Barbara Bielagus, on a promissory note. The issues on appeal are whether the Superior Court (*Conboy*, J.) erred in: (1) denying the defendant's motion for judgment notwithstanding the verdict; (2) admitting into evidence testimony regarding defendant's efforts to compromise its claims; and (3) admitting testimony of a witness's undisclosed state of mind as to his understanding of the promissory note. We affirm.

The plaintiffs brought suit based upon a promissory note executed by the defendant on February 10, 1986, in conjunction with its acquisition of the commercial division of the Norwood Group, Inc. The defendant obtained $4.6 million to finance expenses associated

with its acquisition of the assets of the commercial division, a release of a covenant not to compete in the commercial real estate brokerage business, and the termination of a contingent payment related to previous business arrangements. The promissory note provides in part:

> The principal and interest of this note shall be payable in consecutive monthly installments of $18,525.89 (adjusted as provided below), such payments to be made on the tenth (10th) day of each month commencing on March 10, 1986. A final payment equal to the balance of this note shall be made on February 10, 1992. The monthly payment shall be adjusted quarterly when interest rates change so as to make the blended monthly payment sufficient to amortize this Note over a six (6) year period. Notwithstanding the foregoing, Makers [sic] obligation to make payments thereunder shall be suspended (with interest continuing to accrue) during the 12 months following any fiscal year of Maker in which Makers [sic] net revenues from its residential division fall below $5,400,000.

The defendant argued at trial that because its net revenues never equaled or exceeded $5.4 million, the note terminated and no further payments were due. The plaintiffs' position was that despite the suspension provision, the balance of the note was due on February 10, 1992. After a four-day trial, the jury found in favor of the plaintiffs and awarded them $530,000.44, the principal balance due on the promissory note. The defendant then moved for judgment notwithstanding the verdict. The trial court denied the motion, ruling that

> the Court cannot find, and does not find, that as a matter of law the sole reasonable inference that may be drawn from the evidence, which must be viewed in the light most favorable to the plaintiff, is so overwhelmingly in favor of the defendant that no contrary verdict may stand.

"The trial judge has very little discretion when deciding whether to grant the motion for judgment n.o.v." *Gowen v. Brothers*, 121 N.H. 377, 380, 430 A.2d 159, 161 (1981). "The standard is a rigorous one: [a party] would be entitled to judgment n.o.v. only when his case is established by the sole reasonable inference from undisputed facts." *Id.* (quotations omitted). "The court cannot weigh the evidence or inquire into the credibility of the witnesses, and if the evidence adduced at trial is conflicting, or if several reasonable

inferences may be drawn, the motion should be denied." *Broderick v. Watts*, 136 N.H. 153, 159, 614 A.2d 600, 604 (1992) (quotation omitted).

■ In this case, the parties disagreed as to the proper interpretation of the promissory note. When we interpret an ambiguous contract, our focus is on "the intent of the contracting parties at the time of the agreement." *R. Zoppo Co. v. City of Dover*, 124 N.H. 666, 671, 475 A.2d 12, 15 (1984). The jury heard four days of conflicting testimony and therefore was in the best position to assess the parties' intent and determine the witnesses' credibility. "When there is a question of fact concerning what was intended by certain terms within a contract, the dispute is to be resolved by the trier of fact, whose findings will be upheld if supported by the evidence." *Id.* at 671, 475 A.2d at 16.

■ A review of the record demonstrates that several reasonable inferences could be drawn from the evidence. Because the record contains sufficient evidence to support the jury's verdict, we hold that the trial court did not err in denying the defendant's motion for judgment notwithstanding the verdict. *See Liberty Mut. Ins. Co. v. Custombilt, Inc.*, 128 N.H. 167, 169, 512 A.2d 1098, 1100 (1986).

The defendant also challenges the trial court's decision to allow the testimony of Stewart Pratt, chief executive officer of The Hunneman Real Estate Company in Boston, Massachusetts. In 1992, Pratt was interested in expanding the business into New Hampshire and contacted Robert Phillips at Norwood Realty, Inc., about potentially purchasing the company. During the course of discussions, Phillips indicated to Pratt that "he had a legal, as well as a moral, obligation to pay Mr. Norwood for a note that had become due in the earlier part of the year, and it would have to be part of the purchase price." The defendant argued that Pratt's testimony was evidence of statements made in compromise negotiations, which are inadmissible under New Hampshire Rule of Evidence 408. The trial court ruled that

> on the 1992 testimony relating to discussion of the promissory note where allegedly Mr. Phillips acknowledged a legal obligation under the note, I don't believe that 408 is implicated and so I'm drawing the line. I am going to permit Mr. Pratt to testify with regard to what Mr. Phillips told him. As I said, I'm keeping my eye on the ball as to evidence which goes to the parties' intent in coming to the agreement under the promissory note. I conclude that such testimony does go to that issue. That it is an admission.

■ Decisions by the trial court to admit evidence are not disturbed on appeal "unless they are clearly untenable or unreasonable to the prejudice of the complaining party's case." *Clipper Affiliates v. Checovich*, 138 N.H. 271, 275, 638 A.2d 791, 794 (1994). New Hampshire Rule of Evidence 408 provides in part:

[E]vidence of (1) furnishing or offering or promising to furnish, or (2) accepting or offering or promising to accept, a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount, is not admissible to prove liability for or invalidity of the claim or its amount.

Evidence of conduct or statements made in compromise negotiations is likewise not admissible.

The Rule "is designed to exclude the offer of compromise only when it is tendered as an admission of the weakness of the offering party's claim or defense." *Gelinas v. Metropolitan Prop. & Liability Ins. Co.*, 131 N.H. 154, 166, 551 A.2d 962, 969 (1988) (quotation omitted). Characterizing Pratt's testimony as involving compromise of a disputed claim is not accurate. Pratt was exploring with Phillips a business opportunity; the discussion did not involve settlement negotiations between the parties. Rather, the statement was an admission by Phillips of his contractual obligations. Furthermore, Pratt could not compromise the parties' obligations under the note. Thus, Pratt's testimony conflicted with neither the letter nor the intent of Rule 408. *See id.* at 167, 551 A.2d at 969. We hold that the trial court did not abuse its discretion in admitting this evidence. *See Panas v. Harakis & K-Mart Corp.*, 129 N.H. 591, 613, 529 A.2d 976, 990 (1987).

■ Finally, the defendant challenges the admission of testimony of Karl Norwood, a former principal of Norwood Realty, Inc. The defendant argues that Norwood testified as to his undisclosed state of mind concerning his understanding of the promissory note. We do not reach the issue of whether admitting this testimony was error because we hold that any error was harmless. The trial court's ruling did not rest upon the challenged testimony, and, after reviewing the record, we are satisfied that the plaintiff was not

prejudiced by its admission. *See MacFarlane v. Rich (MacFarlane)*, 132 N.H. 608, 612-13, 567 A.2d 585, 589 (1989).

*Affirmed.*

JOHNSON, J., sat for oral argument but retired prior to the final vote; THAYER, J., sat for oral argument but resigned prior to the final vote; BROCK, C.J., and BRODERICK and NADEAU, JJ., concurred; HORTON, J., retired, specially assigned under RSA 490:3, concurred; NADEAU and DALIANIS, JJ., took part in the final vote by consent of the parties.